By the Court.—Sedgwick, J.
I regret that I am not able to agree to affirm the order appealed from. The order requires that the answer be made more definite and certain. As a general rule, such an order is not appealable. In this instance, however, I think it is impossible to make the pleading more definite than it is, in such respects as the defendant has a right to confine the pleading to, and that the order made deprives the defendant of a substantial right. The parts of the answer objected to are confined to denials, which put the plaintiff upon proof of his case, with perhaps one exception. There is no attempt to claim any affirmative *122 right from the plaintiff. Now, to my mind, in no instance in which the order directs the amendment of the answer, is there any doubt or uncertainty that the answer puts in issue or admits the corresponding allegations of the complaint, and no amendment is possible which would make the denial or admission clearer. And in the instances referred to, I think the defendant had a right not to be forced to submit to the constructions which the complaint made of the trust deed which was the foundation of the action.
The complaint alleges “ that to secure the payment of” certain bonds the defendant executed and delivered a mortgage or trust deed, dated November 30, 1864, to J. P. Y. and to the plaintiff; a copy of which deed is “ hereto annexed,” to which the plaintiff refers, and makes the same a part of his complaint.
The answer admits the execution and delivery of a deed dated November 30, 1864, to J. P. Y. and the plaintiff, and “ it believes, according to its present information, that a copy of the said deed ” “is annexed to the complaint,” “ but for greater certainty, it begs leave to refer to the original, when produced.”
If there is any certainty as to the rules of pleading, it is certain that these allegations do not put in issue the fact of the deed. No denial, upon information and belief, or of any other kind, is attempted. As to the deed, it is certain that the answer requires no proof from the plaintiff. The answer reserves or claims a right to refer to the original, when produced. There is no uncertainty as to the terms of this claim. It does not affect any preparation that the plaintiff should make for trial. Whether the allegation is redundant or irrelevant was not discussed, nor did the motion below make a claim that it was. It appears to be an effort to claim a remnant of a right that a defendant had, to require before pleading the production of the deed itself, *123 in order that among other things he might see the seal, the mode of execution and the witnesses. For before that sight he was not conclusively bound, as it is said he is now bound, to know whether or not he made the deed. In this present instance, it is to be remarked that the complaint avowedly omits the signatures and acknowledgment. If it were irrelevant or redundant, it would be simply stricken out on motion of a party aggrieved by it, but the order directed “ that the same be made definite and certain by the defendant directly and unequivocally denying or admitting on knowledge the alleged copy to be a true copy.” This order trenches upon the system of pleading in the Code, for that does not call for a direct and unequivocal denial or admission. There is a right of making no reference to the allegation of the complaint, and that, while it results with certainty in an admission, is not a direct admission. Moreover, in effect, the order relieves the plaintiff of something which at least is as much his duty as it is the defendant’s. Both sides admit the making of the deed. Why should the plaintiff call upon the defendant to verify the accuracy of the copy, or to admit or deny its accuracy, when he has himself already undertaken to vouch for the accuracy, by setting it out as a copy.
It seems to me, that substantial justice is with the defendant. The plaintiff places his rights solely upon the original deed. The defendant does not deny that a copy is annexed to the complaint, but only asks that, when produced, the original deed may be referred to.
I do not, however, think, if the order had not given leave (in case the defendant did not make this allegation certain) to the plaintiff to apply for judgment, that this part of the order would be appealable. No substantial right of the defendant would have been affected.
As to the next amendmént ordered, lam of opinion *124 that the uncertainty and indefiniteness were on the part of the plaintiff, not of the defendant.
The complaint, had set out what was the agreement, by setting out the terms of the deed. It was unnecessary and redundant to re-state what was contained in it. It would have been proper for the plaintiff to allege that it was covenanted or agreed by a certain deed, &c., without setting out the terms of the deed. At the least, if he proceed to re-state the contents of the deed, he should do it in conformity with the terms of the deed, and accurately. But the complaint alleged that 11 it was mutually agreed in said trust deed that the defendant covenanted and agreed that it would pay to the trustees the net income of the grain elevator,” &c. It is hardly necessary to say that there was no mutual agreement that the defendánt covenanted, &c. It was a covenant by defendant. Probably this was a mere slip of the pen, but there was no obligation on the part of the defendant to correct the complaint, and in the exercise of an undoubted right, not evasively, but in direct accordance with" the truch and with no uncertainty of allegation, the answer denies that otherwise than as expressed in said trust deed, it was mutually agreed in said trust deed, &c., and justified by the incorrect allegation of the complaint says:' “for the accurate terms of the agreement in this behalf, this defendant refers to the said trust deed or mortgage. ’ ’ This also shows, that so far as the accuracy of the copy was concerned the defendant had a sort of justification for referring to the original, as was done in the former part of the complaint. This denial did not in any manner embarrass the plaintiff. The trust deed was enough for his action.
The next amendment refers to this part of the complaint, viz.: “that, as he has been informed by the reports of said defendant, and otherwise, and he verily believes, the net income and earnings of said elevator *125 from, &c., without regard to interest thereon, was over the sum of $1,500,000, and more than sufficient to pay the entire mortgage debt due to the plaintiff as trustee.” It is evident that the allegations of the answer are definite and certain. They are “ and upon information and belief, this defendant denies that the net income and earnings of said elevator, &c., with or without regard to interest, was over the sum of $1,500,000,” “ or that it was more than sufficient to pay the entire mortgage debt specified in the said mortgage.” They may have the defects of a negative pregnant, but that does not imply indefiniteness. That was formerly attacked only by special demurrer, and in substance, it is an omission to deny some fact that may exist consistently with the negative allegation, and which is enough to give an action (1 Chitty's Pl. 536, 613). There is no doubt of the omission and no uncertainty.
But it is said that the defendant is bound to know ■ what was the income of the elevator, and should therefore allege what it was. If this be so, it does not tend to uncertainty in what is alleged. Nor is the presumption of knowledge any different in case of a corporation, than it is of a natural man. For the purpose of legal responsibility the owner of an elevator would be held to know what the income of it was, but he might not have actual knowledge. His agents might operate it. If he himself signed a note or deed, the nature of the act is entirely different.
It does not appear that any report of defendant was such as to bind them absolutely if there were a mistake as to the fact. The plaintiff’s rights do not rest upon the report, but upon the fact. One year, one set of officers may make a .report of the net income, which may be mistaken in amounts received, and in the amounts to be charged to ascertain the net income. Cannot another set of officers and even the same, allege that the net income was not as the report stated ? But, *126 there is no presumption, but that the reports sustain exactly what the answer says by denial, that at least the income was not over a certain sum, alleged by the complaint. The answer, in making the alternative allegation, pursues, in my opinion, the usual and proper mode of pleading.
Another amendment relates to this part of the complaint, viz. :
That in and by said trust deed it was further agreed by the defendant, with the plaintiff, that he, the plaintiff, should receive from the defendant for his services in applying, &c., the sum of one half of one per cent, on &c:,. all of which, on reference to said trust deed, will fully appear, &c.
On referring to the trust deed, it appears that the agreement was that the trustees, their successors or survivors,' should have the compensation, the commissions to be in full payment of both trustees, and to be equally divided between them. This is not an agreement that the plaintiff, one of the trustees, shall have the compensation. The defendant might have simply denied the allegation, but instead thereof, says in certain definite and unequivocal language that he denies that there was any other agreement for compensation for the plaintiff’s services than such as the trust deed shows. The plaintiff, instead of being content with the unequivocal words of the deed, gives an erroneous construction of it, and cannot complain that the defendant takes proper means to prevent its being bound by that erroneous construction.
It should be noticed that here the plaintiff does what he has complained of the defendants doing. He says, “ all of which on reference to said trust deed will fully appear.”
In fine, I am not able to see how" the defendants could mkke his allegations more definite, whatever other objections you may suppose.
*127 I am further of the opinion that the order should not have given the plaintiff leave, in case the defendants did not amend, to apply for judgment, and that the relief could not have gone beyond striking out the allegation. If these allegations were out, there was an issue left to be tried before the plaintiff was entitled to judgment.
I think the order should be reversed, with $10 costs and disbursements to be taxed.
Freedman, J., concurred.